**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID LEE WILSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-06-0752-F ) |
| THE STATE OF OKLAHOMA, et al., | ) ) |
| Defendants. | ) |

## ORDER

Plaintiff in this action is David L. Wilson, *pro se*, whose pleadings are liberally construed. As stated in the caption of the complaint, defendants are: The State of Oklahoma, The Oklahoma County Detention Center, the Oklahoma County District Attorney's Office, the City of Oklahoma City, and the City of Oklahoma City's [police officers] Lt. [Dale] Marshall and Paul Galyon.

On August 23, 2006, the City of Oklahoma City moved to dismiss the claims alleged against it in this action. (Doc. no. 24.) On August 28, 2006, Lieutenant Dale Marshall moved to dismiss the claims alleged against him. (Doc. no. 25.) On September 15, 2006, the Oklahoma County Detention Center and the Oklahoma County District Attorney's Office moved to dismiss the claims alleged against them. (Doc. no. 30.) On September 14, 2006, plaintiff David Lee Wilson filed an "Objection of Motion to Dismiss" (doc. no. 28), which the court construes as an objection to the City's and to Mr. Marshall's motions to dismiss. On September 21, 2006, Mr. Wilson filed an "Objection of Motion to Dismiss [of the] OCDA/OCDC."

(Doc. no. 33.) On that same date, he also filed four attachments to that motion. (Doc. nos. 34, 35, 36, 37.)¹ Thus, plaintiff has responded to each of the motions to dismiss.

Plaintiff is also a moving party in certain motions now before the court. On September 14, 2006, plaintiff filed a "Motion to Amend U.S. Government Dept. of Vet. Affairs Dept. Management Center, St. Paul, MN 55111-0930." That motion has been docketed as a motion to add parties. (Doc. no. 29.) On September 21, 2006, plaintiff filed a "Second Motion to Amend Debt Management Center," docketed as a second motion to add parties. (Doc. no. 31, entitled motion to amend). No response is due or has been filed with respect to either of these motions to add parties, but the court has reviewed the motions and finds that no response is necessary.

Accordingly, all motions are ready for determination.

## I. Federal Claims

Defendants move to dismiss plaintiff's federal claims under Rule 12(b)(6), Fed. R. Civ. P.² Some aspects of defendants' motions are also urged under other rules, as noted below.

The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established. Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court

---

¹Mr. Wilson's objections are rambling, mostly incoherent statements which do not address any of the defendants' particular arguments. Therefore, the court finds that Mr. Wilson has filed general objections to the motions to dismiss but that he has confessed defendants' particular arguments. *See*, LCvR7.2(f) (motion not opposed within 18 days may, in the discretion of the court, be deemed confessed). The court does not, however, dismiss this case on the basis that the arguments in the motions have been confessed.

²Although the City's motion (which the other moving defendants adopt) attaches exhibits, all of these exhibits are judicial records. Facts subject to judicial notice, such as matters of public record, may be considered in a Rule 12(b)(6) motion without converting the motion to a motion for summary judgment. Tal v. Hogan, 453 F.3d 1244, 1265 (10th Cir. 2006).

must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### A.  Failure to Number Paragraphs of the Complaint

Defendants argue that the paragraphs of the complaint are not separately numbered as required by Rule 10(b), Fed. R. Civ. P. Although the court does not base its dismissal on this failure, it notes the violation of Rule 10(b). The complaint is 27 pages long. It is handwritten, and the spacing is equivalent of single-spaced type. The requirement of numbered paragraphs is not a mere technicality. Without numbered paragraphs, it is difficult for a defendant to clarify in a response pleading which paragraph of the complaint he or she refers to, and it is difficult for the court to reference particular allegations in an order such as this one.

### B.  Complaint's Failure to Include a Short and Plain Statement of Claims and its Failure to Give Adequate Notice of the Claims

Defendants next argue that the complaint should be dismissed for failure to comply with Rule 8(a), Fed. R. Civ. P., because it does not include a short and plain statement of the court's jurisdiction and of plaintiff's claims, and because it is rambling and incoherent.

Failure to comply with Rule 8 may be proper grounds for dismissal under Rule 12(b)(6)), Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. 2001), citing Monument Builders of Greater Kansas City, Inc. v. American Cemetery

Association of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989).[3]  It is not the role of either the court or the defendant to sort through a conclusory and poorly drafted complaint in order to construct a cause of action.  Abdelsamed at 884. (10th Cir. 2001).

After careful study, the court finds and concludes that the complaint is neither short nor plain and that it violates Rule 8(a) in this regard.  Moreover, many parts of the complaint are rambling and incoherent.  Parts of the complaint are understandable and relatively succinct. For example, the first numbered paragraph sets out the underlying theories of liability, such as the federal constitutional provisions and state laws which plaintiff contends have been violated.  Much of the balance of the complaint, however, including the "Factual Background" portion of the complaint which is where plaintiff attempts to set out the alleged facts which support his claims, is rambling and incoherent. Thus, although parts of the complaint are understandable, the court finds and concludes that, read as a whole, the complaint fails to give adequate notice of the federal claims it purports to allege and that it should be dismissed on this basis.

          C.  Federal Claims Not Cognizable under Heck v. Humphrey

Defendants next argue that plaintiff's federal claims are not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994).

Although the particulars of plaintiff's federal claims are indecipherable, it is clear that all of plaintiff's federal claims are asserted under 42 U.S.C. § 1983 for violations of various federal constitutional provisions.  Extracting a portion of one sentence from the introductory paragraph of the complaint, Mr. Wilson alleges that he "was unconstitutionally arrested, imprisoned, prosecuted, and pled guilty to felony

---

[3] Abdelsamed is an unpublished decision cited here pursuant to the requirements of Tenth Circuit Rule 36.3, as an opinion which assists the court but is cited for persuasive value only.

and misdemeanor offenses he was forced into committing...."[4] (Complaint, p. 1.) The complaint appears to further complain of unreliable evidence and negligent investigative practices. Thus, it is clear from the face of the complaint that Mr. Wilson's federal claims necessarily imply the invalidity of the convictions or sentences about which Mr. Wilson complaints in this action.[5] It is also clear that Mr. Wilson's federal claims are for money damages.[6] The first sentence of the complaint states that this is an "action for monetary damages of [plaintiff's] civil rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments under the Constitution of the United States of America." (Complaint, p. 1.) In the "Prayer for Relief," plaintiff asks for "$75.00 dollars a day for a minimum of 330 days in jail" and "$41,000,000.00 (one million) per charge per day to be arrested at filing of papers and in jail during federal deadlines. (??)." (Complaint, p. 24.) Because they are §1983 claims for damages which necessarily imply the invalidity of his convictions, Mr. Wilson's claims are not cognizable under Heck v. Humphrey. *Id*. at 487. As stated in that case, "unless and until the conviction or sentence is reversed, expunged,

---

[4]This sentence, in its entirety, reads as follows: "In support of this Complaint the Plaintiff allege [sic] and state [sic] as follows: Wilson was unconstitutionally arrested, imprisoned, prosecuted and convicted for various felony, and misdemeanor offenses he was forced into committing, due to check being cut down, temp labor won't send me out." (Complaint, ¶ 1, pp. 1-2.) This is one example of the manner in which the complaint, while coherent in places, is not understandable when read as a whole and fails to give adequate notice of its claims.

[5]As reflected in the judicial records attached to the City's motion, the guilty pleas were to charges of assault and battery of a police officer.

[6]The complaint also refers to injunctive relief but it is not the type of injunctive relief which the Court, in Heck, indicated would take a case out of the Heck rule. See Heck, 512 U.S. 477, 479, noting that the complaint in that case "did not ask for injunctive relief, and petitioner has not sought release from custody in this action." Also, at p. 481, Heck states "petitioner seeks not immediate or speedier release, but monetary damages..." The type of injunctive relief which Mr. Wilson refers to in his complaint is prospective relief, enjoining law enforcement from destroying evidence and compelling them to take great care to preserve evidence. (Complaint, pp. 5-6.) Moreover, that type of overly generalized request fails to state a claim for injunctive relief and it is stricken.

invalidated, or impugned by the grant of a writ of habeas corpus," there is no cause of action under § 1983. Id. at 489.[7]

### D. Precluded Claims

Defendants argue that the doctrine of *res judicata*, referred to in this order as the doctrine of claim preclusion, bars plaintiff's claims. Claim preclusion prevents parties from re-litigating issues which were or could have been raised in an action that has received a final judgment on the merits. For claim preclusion to apply, the following elements must exist: (1) a final judgment on the merits in a prior action; (2) identity of parties or privies in the two suits, (3) identity of the cause of action in the two suits; and (4) a full and fair opportunity to litigate the prior action. Nwosun v. General Mills Restaurants, 124 F.3d 1255, 1257 (10th Cir. 1997).

Mr. Wilson has filed a variety of lawsuits in this court, many of which have included defendants which are either the same defendants as are named in this action or defendants who are in privity with the defendants in this action.[8] Of the five other lawsuits filed by Mr. Wilson against the Oklahoma City Police Department and/or officers of that police department, all have been finally adjudicated against Mr. Wilson. Based on the judicial record in each of those cases, Mr. Wilson had a full and

---

[7]Plaintiff has made no showing that his convictions have been reversed by the Oklahoma Court of Criminal Appeals or the United States Supreme Court, or called into question by this court issuing a writ of habeas corpus. The judicial documents attached to the City's moving brief show guilty pleas to two charges of assaulting an officer. Moreover, plaintiff states in his complaint that he slapped an Oklahoma City police officer and the complaint also repeatedly references his guilty pleas in state court.

[8]By the court's count, in addition to the instant action, Mr. Wilson has filed twelve actions in this court against a variety of defendants, private and governmental, between November 7, 2005 and today. Of these twelve lawsuits, six name the Oklahoma City Police Department and/or officers of the OKC Police Department as defendants. Of these six, one is the action currently pending before the undersigned against Mr. Galyon, involving the alleged April 16, 2005 incident. (CIV-06-223). Judgment has been rendered against Mr. Wilson in the other five actions. (CIV-04-1563-F, CIV-04-1616-F, CIV-04-1684-F, CIV-05-0519-F (still on appeal), and CIV-05-1292-F).

fair opportunity to litigate each of those actions. A comparison between the claims asserted in the previously adjudicated actions and the instant action is difficult, given the largely incomprehensible nature of the allegations. Suffice to say here that, to the extent Mr. Wilson may have intended[9] to re-allege any claims in this action which were alleged or which could have been alleged in CIV-04-1563-F, CIV-04-1616-F, CIV-04-1684, CIV-0519-F, or CIV-05-1292-F, that such claims are now precluded.[10]

### E. No Facts or Claims Alleged Against the Detention Center

The Oklahoma County Detention Center states that it has "strain[ed] to comprehend what allegations are directed towards or in any way implicate it based upon the face of Plaintiff's Complaint." (County defendants moving brief, p 3.) The court agrees that although the detention center is named as a defendant in the caption, the complaint states no facts or claims against the Oklahoma County Detention Center. On that basis, the detention center is entitled to dismissal of any federal claims purportedly alleged against it.

### F. Detention Center Not an Entity Subject to Suit

The detention center also argues that it is not an entity which is subject to suit. The detention center argues that it is similar to a police department and that police departments are not suable entities. Ketchum v. Albuquerque Police Department, 958

---

[9]Some allegations which have been the subject of other lawsuits are mentioned in the complaint. *See*, *e.g.*, pp. 6-10 of the complaint. The court is not sure that Mr. Wilson intended to re-allege any previously adjudicated matters as new claims in this lawsuit, however, because much of this material appears under the heading "Factual Background," and the gist of the instant complaint appears to be not the events described involving the officers, but rather, Mr. Wilson's contention that the state assault cases brought against him were not properly investigated and pursued.

[10]The complaint refers, at p. 6, to two of these other lawsuits, CIV-04-1616-F and CIV-04-1684-F.

F.2d 381 (10th Cir. 1992).[11] Ketchum indicates that in addition to police departments not being suable entities, detention centers are "similar to a police department" and therefore that they are also not suable as they are "subsumed within the larger municipality." *Id.* at *2. The court agrees that the Oklahoma County Detention Center is not a suable entity. Accordingly, the detention center is entitled to a dismissal with prejudice of any federal claims alleged against it on this basis as well.

### G. Eleventh Amendment Immunity

The Oklahoma County District Attorney's Office argues that it is entitled to absolute immunity pursuant to the Eleventh Amendment to the United States Constitution. The court agrees. On this basis, the Oklahoma County District Attorney's Office is entitled to dismissal with prejudice of any federal claims alleged against it.

### H. Argued Failure to Allege Custom or Policy

The county defendants also argue that plaintiff has failed to allege any unlawful custom or policy, or any causal link between any such policy and the constitutional violation, which are requirements in a civil rights suit against a county or a county official in his or her official capacity. It was on this ground that Pearson v. City and County of Denver, 946 F.2d 901 (10th Cir. 1991) upheld dismissal for failure to state a claim of a *pro se* plaintiff's § 1983 suit against the city and county of Denver.[12]

The complaint in the instant action makes repeated references to the policy or policies of the defendants, and to policy-makers, and to the practices and customs of the defendants. *See, e.g.* complaint, pp. 15-17. Although the complaint may not perfectly link these alleged policies to the alleged constitutional injuries, given Mr.

---

[11]Ketchum is an unpublished decision cited here under the requirements of Tenth Circuit rule 36.3.

[12]Pearson is an unpublished decision cited here under Tenth Circuit Rule 36.3.

Wilson's *pro se* status, the court finds that the complaint is adequate in this respect, and the court declines to dismiss any claims on this ground.

## I. Non-moving Defendants

From the docket sheet, it does not appear that the State of Oklahoma or Paul Galyon have been served or entered an appearance. Nevertheless, the court finds and concludes that these defendants are entitled to dismissal of the federal claims against them for some of the same reasons as apply to the other defendants.

Specifically, the State of Oklahoma is entitled to dismissal of any federal claims alleged against it because the claims are incomprehensible, and because Oklahoma is entitled to sovereign immunity under the Eleventh Amendment of the U.S. Constitution. The latter ground entitles the state to dismissal with prejudice.

Paul Galyon is entitled to dismissal of any federal claims alleged against him in this action because the portions of the complaint which mention Paul Galyon are incomprehensible. Also, some of the allegations in the complaint appear to relate to matters which were adjudicated or which could have been adjudicated, in CIV-05-1292-F, an earlier action brought by Mr. Wilson against Mr. Galyon.[13] The claims alleged in that action have been finally adjudicated, there is an identity of parties, and the judicial record shows that Mr. Wilson had a full and fair opportunity to litigate his claims against Mr. Galyon in CIV-05-1292-F. Accordingly, to the extent that the instant complaint could be interpreted as re-alleging any claims against Mr. Galyon which were or could have been adjudicated in CIV-05-1292-F, the re-alleged claims are precluded and Mr. Galyon is entitled to dismissal of those claims with prejudice.

---

[13] The nine-page handwritten amended complaint in CIV-05-1292-F alleged, among other things, tazoring, manipulation, mail tampering, and conspiracy; the amended complaint in that action also referred to Mr. Wilson hitting Mr. Galyon in the jaw, an alleged incident which may be responsible for the assault of an officer charges which Mr. Wilson complains about in this action.

Additionally, to the extent that the instant complaint includes federal claims which are currently the subject of another action brought by Mr. Wilson against Mr. Galyon, CIV-06-223 (arising out of an alleged incident involving Mr. Wilson and Mr. Galyon on April 16, 2005), the claims are duplicative and should be dismissed on that ground.[14]

## II. State Law Claims

The result of this order is that all of plaintiff's federal claims are dismissed. This leaves plaintiff's state law claims as the only remaining claims in this action. Accordingly, the court must determine whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3).

Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain and dispose of state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

There are a host of state law claims which plaintiff appears to attempt to allege in this action. For example, the complaint includes a section entitled "Supplemental State Claims." (Complaint, p. 18.) After this heading, there are allegations regarding "negligence resulting in wrongful incarceration," and headings entitled "State Claim for Defamation," "State Claim for Intentional Infliction of Emotional Distress," "State

---

[14]The complaint recognizes that matters alleged in this suit against Mr. Galyon have been alleged against Mr. Galyon in previous suits. The complaint states (at the bottom of p. 8), "As I stated in any one of the Galyon suits, that if he [illegible] me again, like he just done me, I was going to kick him in the #*$%@ head."

Claim for False Arrest," "State Claim for Malicious Prosecution," and "State Claim for Abuse of Process." Having disposed of the federal claims prior to trial, and finding no consideration which causes the court to conclude that it should retain jurisdiction over any state law claims, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over any state law claims. Accordingly, plaintiff's state law claims will be dismissed without prejudice.

### III. Motions to Add Parties

Plaintiff's first motion to add parties is rambling and largely incoherent. The court interprets the motion as a request to add the Department of Veterans' Affairs as a defendant in this action.

The motion should be denied for several reasons. For one, the motion is largely incomprehensible. If allowed, it would fail to provide adequate notice of any claims against the Department of Veterans' Affairs.

For two, Mr. Wilson has previously sued the Veterans Administration, in CIV-06-221-R, over a matter pertaining to his veterans' check, which is what the claims proposed in the instant motion appear to concern. The Honorable David L. Russell entered an order dismissing the prior action for lack of jurisdiction, and that order is currently on appeal. As between that action and the claims which the instant motion seeks to add, there is an identity of parties and an identity of claims. The judicial record in CIV-06-0221 reflects that Mr. Wilson had a full and fair opportunity to litigate the jurisdictional issues in that case. Judge Russell's order dismissing CIV-06-0221 stands as a final adjudication of this court's lack of jurisdiction over the issues raised in that action.

For three, to the extent it is possible to determine the nature of plaintiff's claims against the Department of Veterans' Affairs from the motion to add parties, the court

finds that such claims have nothing in common with the claims which plaintiff has previously alleged in this action against state, county, and municipal defendants.[15]

Plaintiff's second motion to add parties seeks to add the "Debt Management Center" as a defendant. The motion is incomprehensible and it does not clarify what entity is the "Debt Management Center." Moreover, to the extent it is possible to understand the motion, it appears to request the addition of a claim or claims which have nothing to do with this action.

Accordingly, both motions to add parties should be denied.

## IV.  Rulings

After careful consideration of the parties' submissions, the pleadings, and the relevant arguments and authorities, the court rules as follows.

Defendants' motions to dismiss plaintiff's federal claims are **GRANTED**, and plaintiff's federal claims are hereby **DISMISSED**. Any federal claims which are barred by the doctrine of claim preclusion are dismissed with prejudice. Any federal claims alleged against the State of Oklahoma, the Oklahoma County Detention Center, and the Oklahoma County D.A.'s Office, are dismissed with prejudice. All other federal claims are dismissed without prejudice. No leave to amend is given because amendment would be futile.

The court declines supplemental jurisdiction over plaintiff's state claims, and plaintiff's state claims are, therefore, dismissed without prejudice. Nothing stated in this order is intended to prejudice the disposition of plaintiff's state law claims should they be made the subject of a future action in state court.

---

[15] While the claims which plaintiff attempts to allege in the instant action appear to concern plaintiff's allegedly improper incarceration, the claims which plaintiff attempts to describe in the motion to amend have to do with allegations that the Veterans' Administration has been improperly docking plaintiff's monthly check.

-12-

Plaintiff's "Motion to Amend U.S. Government Dept. of Vet. Affairs Dept. Management Center, St. Paul, MN 55111-0930," which has been docketed and construed as a motion to add parties (doc. no. 29), is **DENIED**.

Plaintiff's "Second Motion to Amend Debt Management Center" (doc. no. 31) is also **DENIED**.

The result of this order is that all of plaintiff's claims have been dismissed. Accordingly, judgment will be entered by separate order.

Dated this 26th day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0752p003(pub).wpd